UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRENT WINTERS,

    Plaintiff,

v.

JOHN TAYLOR,

    Defendants.

Case No. 08-cv-216-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Brent Winters's motions to remand (Docs. 4 & 9) and defendant John Taylor's motion to dismiss (Doc. 5). Winters has responded to Taylor's motion to dismiss (Doc. 11).

**I.    Background**

This matter arose after the United States District Court for the Central District of Illinois appointed public defender John Taylor ("Taylor") to represent plaintiff Ken Tylman ("Tylman") in a criminal prosecution in that district. Plaintiffs Brent Winters, Esq. ("Winters") and Debra Hills ("Hills") were, and continue to be, co-defendants in the criminal case. Apparently problems arose between Taylor and Tylman, which resulted in Taylor's telling Tylman loudly in a hallway in the courthouse essentially that all three defendants were guilty, were going to be convicted and were liars. He spoke loudly enough for others in the hallway to hear his statements. Based on these statements, Tylman and Hills then filed a lawsuit for slander in the Circuit Court in Cumberland County, and Winters filed a lawsuit for slander in the Circuit Court in Clark County, both against the "Law Firm of Richard H. Parsons, Federal Public Defender," Richard Parsons, Taylor and unknown others. The defendants removed the cases to federal court, and this Court dismissed the action on the basis of sovereign immunity (Case No. 07-cv-

588-JPG-DGW). Essentially, the Court found that the defendants were federal agencies, officers or employees who had not waived their immunity to suit for slander.[1]

Not long after the Court dismissed that case, Winters filed a new case in the Circuit Court in Clark County alleging causes of action for slander and negligent infliction of emotional distress based on the same facts, this time only against Taylor. Taylor again removed the case to this Court and now asks the Court to dismiss Winters's second suit on the basis of sovereign immunity and collateral estoppel. Winters asks the Court to remand the case to state court on the grounds that his case presents no federal question and argues that the Court's prior dismissal for lack of jurisdiction demonstrates that the state court must hear this action.

## II.     Analysis

Taylor asks the Court to dismiss this case on the basis of (1) sovereign immunity since he is an employee of the Office of the Federal Public Defender for the Central District of Illinois, a federal agency, and was acting in his official capacity at the time of the events in question, and (2) collateral estoppel since the applicability of sovereign immunity was decided in Winters's prior lawsuit before this Court. Winters asks the Court to remand this case because it does not plead a federal question.

---

[1]The Court may have erred in dismissing Winters's first suit for lack of subject matter jurisdiction instead of on the merits. "[S]overeign immunity does not diminish a court's subject-matter jurisdiction." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) (citing *United States v. Cook County*, 167 F.3d 381 (7th Cir. 1999); *Lapides v. Board of Regents of Univ. of Ga.*, 535 U.S. 613 (2002)). As is demonstrated later in this order, the Court has subject matter jurisdiction over this case and Winters's prior case to decide the federal question of sovereign immunity. Nevertheless, Winters did not appeal the disposition of his earlier case or the findings on which it was based, that is, that the defendants were entitled to sovereign immunity from suit for slander. As a consequence, its findings remain good law.

A. Subject Matter Jurisdiction

As a preliminary matter, this Court addresses its jurisdiction to hear this case. In his motion to remand, Winters argues the Court does not have jurisdiction over this case because his complaint pleads no federal question. He assumes the Court's jurisdiction is founded solely on 28 U.S.C. § 1441(a), which allows removal of state court cases over which a federal district court has original jurisdiction, and 28 U.S.C. § 1331, which provides for original jurisdiction for cases asserting a federal question in the complaint.

Winters's argument is misguided. Taylor's removal is based on 28 U.S.C. § 1442(a), which permits removal of state court civil actions by "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). This statute permits a federal officer such as Taylor to remove a case against him if he was acting under color of law and if he has a colorable federal defense such as a substantive immunity defense, even if the state law suit only alleges state law causes of action. *Mesa v. California*, 489 U.S. 121, 128, 134-37, 139 (1989). Taylor has asserted such a defense to Winters's claims. Thus, removal is proper, and this Court has jurisdiction to determine whether sovereign immunity bars Winters's claims against Taylor.

B. Slander

Winters's slander claim is barred by the doctrine of collateral estoppel, or issue preclusion. "Under the doctrine of issue preclusion, an issue may not be litigated if . . . .: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." *Adair v.*

3

*Sherman*, 230 F.3d 890, 893 (7th Cir. 2000); *accord Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.").

The case at bar involves the same issue – the applicability of sovereign immunity to Winters's slander cause of action – as Winters's prior case. That issue was actually litigated and decided against Winters, and that finding was essential to the Court's final judgment. Winters was a party to the prior suit. The Court actually had jurisdiction to decide the sovereign immunity issue, although it may have erroneously dismissed the case for lack of jurisdiction instead of on the merits. Winters does not argue that the facts or the law have changed since his first case or that any other special circumstance exists that would warrant deviation from the normal rule of exclusion. *See Montana*, 440 U.S. at 155. The doctrine of collateral estoppel therefore binds Winters to the Court's prior decision that sovereign immunity bars his slander suit against Taylor. For that reason, the Court will dismiss Winters's slander cause of action in this case.[2]

C. <u>Negligent Infliction of Emotional Distress</u>

Had the Court dismissed Winters's first suit on the merits as opposed to dismissing it for lack of jurisdiction, the doctrine of *res judicata*, or claim preclusion, would have barred his current claim for negligent infliction of emotional distress. *Res judicata* prevents relitigation of matters that were *or could have been* raised in an earlier suit. *Cole v. Board of Trustees of Univ.*

---

[2]As noted in footnote 1, the Court may have erroneously dismissed Winters's prior slander suit for lack of subject matter jurisdiction. Nothing prevents the Court from dismissing the same claim now on the merits.

*of Ill.*, 497 F.3d 770, 772 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1110 (2008); *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 634 n. 6 (7th Cir. 2004). *Res judicata* applies if there is "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Cole*, 497 F.3d at 772. If the Court's first judgment had been on the merits, *res judicata* would have prevented him from bringing his negligent infliction of emotional distress claim in this case, for Winters could have brought it, but did not, in his earlier case. However, because the Court dismissed Winters's first case for lack of jurisdiction and not on the merits, *res judicata* does not prevent Winters from bringing his negligent infliction of emotional distress claim in this case.

Neither does issue preclusion require dismissal of Winters's negligent infliction of emotional distress claim. One of the issues decided in the first lawsuit was whether the United States had waived its sovereign immunity from suit against its employees. The Court answered the question in the negative with respect to a slander cause of action, noting that the Federal Tort Claims Act ("FTCA") does not waive the United States' immunity from suits arising out of libel or slander. *See* 28 U.S.C. § 2680(h). It did not, however, answer the question with respect to a negligent infliction of emotional distress claim. The Court now turns to that question.

The Court must dismiss Winters's negligent infliction of emotional distress claim for the same reasons it dismissed his slander claim. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal officers sued in their official capacities are entitled to the same immunity because a suit against a federal officer in his official capacity is tantamount to a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see, e.g., Maus v. Curran*, 945 F. Supp. 1217 (E.D. Wis. 1996).

5

Thus, if the United States has not waived sovereign immunity and consented to Taylor's being sued for negligent infliction of emotional distress, the Court cannot hear the claim against him. *Meyer*, 510 U.S. at 475; *Mitchell*, 463 U.S. at 212.

Winters has pointed to no waiver of sovereign immunity for such a suit. The Court considers the FTCA, which is a limited waiver of sovereign immunity for torts where injury is "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See* 28 U.S.C. § 1346(b)(1). However, the FTCA does not waive sovereign immunity for claims arising out of alleged slander or libel. *See* 28 U.S.C. § 2680(h). This exception to the FTCA's waiver applies no matter what theory the plaintiff uses so long as the claim "arises out of" slander or libel. *See Edmonds v. United States*, 436 F. Supp. 2d 28 (D.D.C. 2006) (citing *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991); *Johnson v. United States*, 547 F.2d 688, 691 (D.C .Cir. 1976)); *see, e.g., Federal Deposit Ins. Corp. v. Miller*, 781 F. Supp. 1280, 1286 (N.D. Ill. 1991) (claim for damage to professional reputation barred by exception for slander and libel suits).

In this case, although Winters's negligent infliction of emotional distress claim is not labeled as a slander claim, it *arises out of* slander because it is entirely based on Taylor's alleged statement impugning Winters's integrity. Because the FTCA does not waive sovereign immunity for such claims, and Winters has pointed to no other statute that does, Winters's negligent infliction of emotional distress claim against Taylor is barred by the doctrine of sovereign immunity.

For the foregoing reasons, the Court will grant Taylor's motion to dismiss (Doc. 5).

## III. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Winters's motions to remand (Docs. 4 & 9);

- **GRANTS** Taylor's motion to dismiss (Doc. 5);

- **DISMISSES** Winters's claims in this case against Taylor based on sovereign immunity; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 8, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**